## Wm. J. Sykes *et al. v.* Jos. Parks *et al.*

CONDITIONAL SALE. *With liberty to repurchase. Liability of purchaser for loss of personal property so conveyed.* Sykes conveyed to Parks the undivided half of some real estate, a cotton mill, and the half of three wagons, harness and eight mules, used in carrying on the factory. Sykes retained the privilege of re-purchasing the lands, mill, fixtures and machinery, after a certain time. Parks is sought to be made liable for half the value of the mules, which were stolen during the war, he having taken *part* possession of the lands, mules and wagons.
*Held,* Whether the conveyance was sale with liberty to re-purchase or a mortgage, it not being alleged that the property lost was in the exclusive possession of Parks, or lost by his negligence or fault, he can not be held liable for one-half the value thereof.

### FROM LAWRENCE.

Appeal from the Chancery Court. GEO. H. NIXON, Chancellor.

MATTHEWS & DEAVENPORT for Sykes *et al.*

CAMPBELL, McEWEN, BULLOCK and ROSE for Parks *et al.*

DEADERICK, J., delivered the opinion of the Court.

The bill in this case was filed October, 1868, in the Chancery Court at Lawrenceburg. It alleges that in 1860 James Sykes, the ancestor of complainants, sold and conveyed to Wm. Parks, Sr., the

ancestor of defendants, one undivided half of several tracts of land, including a cotton mill and the half of three wagons and gearing and eight mules, used in carrying on the factory.

The deed is exhibited with the bill, and bears date October 8, 1860, and purports on its face, for the consideration of $6,500, an absolute conveyance of one-half of the lands and property described. Of the same date Wm. Parks executed an instrument reciting that Sykes had that day sold and conveyed to Parks the half interest in the lands and personalty mentioned in the deed at the price of $6,500, and agreeing that said Sykes should have the privilege to re-purchase the said one-half of the said lands, mill, fixtures and machinery, by the payment of the sum of $6,500, the amount paid by Parks, without interest thereon; the right to re-purchase to attach only after the 8th of October, 1865, and only on the payment of the amount paid by Parks, but without interest.

The administrator of Sykes paid the $6,500 on the 9th of October, 1865, and filed the original bill to have the title to the realty divested out of the heirs of Parks and vested in the heirs of Sykes.

Parks' heirs answer, not seriously contesting the right of complainants to have the title vested in them. Complainants then filed an amended bill, alleging that the deed executed to Parks was a mortgage intended to secure the $6,500 advanced, and that Parks had taken part possession of the mills,

lands, mules and wagons, and that the mules were stolen during the war, and Parks should bear the loss of half their value.

It appears that after the purchase by Parks, he and Sykes run the cotton mill as partners, and that during this time the mules were stolen. The defendants demurred to the amended bill, and the demurrer was sustained, and the amended bill dismissed, and the complainants appealed.

We do not think that the complainants are entitled to the relief prayed for in their amended bill, under any aspect.

Whether the conveyance was sale with liberty to re-purchase, as we think it was, or a mortgage for the security of money advanced, it not being alleged that the property lost was in the exclusive possession of Parks, or lost by his negligence or fault, we do not see upon what principle he can be required to pay to Sykes one-half the value thereof.

It will be observed that the obligation to reconvey upon payment of the $6,500, after the 8th of October, 1865, extends only to the realty, including machinery and fixtures, and does not include the wagons, gear or mules, and we do not think that it was intended in any event that these articles of personalty should be reconveyed, as they were perishable, and were likely to be of little if any value at the expiration of the five years. The Chancellor's decree will be affirmed and the cause remanded to be proceeded in upon the original bill.